FILED ____ ENTERED
LODGED ____ RECEIVED

JUN 1 2 2002 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY
CC: TO JUDGE



CV 02-01232 #00000009

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JOEL HODGELL,

                    Plaintiff,

          v

RICHARD GOLDRING, GO
ENTERTAINMENT INC , INTERNET
ADVISORY CORPORATION (IACP),
SCORES USA INC , GO WEST
ENTERTAINMENT INC , 3W
CORPORATION, DATAPEER INC , &
"JOHN DOE" SPAMMERS,

                    Defendants

NO. CV02-1232Z

PRAECIPE RE.
NOTICE OF REMOVAL

(Clerk's Action Required)

TO  CLERK OF THE COURT

     The accompanying Exhibits A & B were referenced in DataPeer, Inc.'s (f/k/a  3W

Corporation) Notice of Removal filed with this Court on June 10, 2002   Exhibits A &

B, however, may have been inadvertently omitted   Please attach the accompanying

Exhibits A & B to the Notice of Removal

     DATED this  12  day of June, 2002, at Seattle, Washington.

                              MONTGOMERY PURDUE BLANKINSHIP
                              & AUSTIN, PLLC

                              By _____
                                 Scott E  Feir
                                 WA State Bar No  28192
                                 Attorneys for Defendant DataPeer, Inc

PRAECIPE RE
NOTICE OF REMOVAL - 1
ssfc \sef\meg\datapeer\datapeer removal (diversity)\praecipe re notice of
removal doc

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5800 BANK OF AMERICA TOWER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL, (206) 625-9534 FAX

ORIGINAL

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that I am, and at all times herein mentioned have been, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-mentioned action, and competent to be a witness herein

On the date given below, I caused to be served in the manner noted a copy of the foregoing document on the person below

Joel Hodgell,
12712 Lake City Way NE 3
Seattle, WA 98125

☐ Via Facsimile

☒ Via Mail

☐ Via Messenger

DATED this _12th_ day of _June_____, 2002 at Seattle, Washington

Diane Zeck

MONTGOMERY PURDUE BLANKINSHIP & AUSTIN PLLC
ATTORNEYS AT LAW
5800 BANK OF AMERICA TOWER
701 FIFTH AVENUE
SEATTLE, WA 98104-7096
(206) 682-7090 TEL, (206) 625-9534 FAX

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF KING

| | |
|---|---|
| JOEL HODGELL,<br>Plaintiff<br><br>v.<br><br>RICHARD GOLDRING,<br>GO ENTERTAINMENT INC.,<br>INTERNET ADVISORY<br>CORPORATION (IACF),<br>SCORES USA INC.,<br>GO WEST ENTERTAINMENT INC.,<br>3W CORPORATION,<br>DATAPEER INC., &<br>"JOHN DOE" SPAMMERS,<br>Defendants | No. -<br><br>SUMMONS (60 Days) |

**TO THE DEFENDANTS:** A lawsuit has been started against you in the above entitled court by JOEL HODGELL, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 60 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

*[signature: Joel Hodgell]*

**JOEL HODGELL**
Plaintiff

Dated:

15 April 2002

12712 Lake City Way NE 3
Seattle, WA 98125
(206) 362-2166
hodgell_v_goldring@hotmail.com

EXHIBIT A

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

JOEL HODGELL,

                  Plaintiff,

v.

RICHARD GOLDRING,
GO ENTERTAINMENT INC.,
INTERNET ADVISORY CORP. (IACP),
SCORES USA INC.,
GO WEST ENTERTAINMENT INC.,
3W CORPORATION, DATAPEER INC., &
"JOHN DOE" SPAMMERS,

                  Defendants.

NO.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
UNFAIR BUSINESS PRACTICES—
CONSUMER PROTECTION ACT AND
THE COMMERCIAL ELECTRONIC MAIL
ACT

COMES NOW, plaintiff, Joel Hodgell, and brings this action against defendants named herein. The plaintiff alleges the following on information and belief:

## I. JURISDICTION AND VENUE

1.1.    This is an action to recover damages and penalties for defendants' repeated violations of the Washington State Commercial Electronic Mail Act, RCW 19.190 et seq., the Washington State Consumer Protection Act, RCW 19.86 et seq., and under the common law tort of trespass to chattels.

1.2.    This Complaint is filed and these proceedings are instituted under the provisions of RCW 19.190, the Commercial Electronic Mail Act, and RCW 19.86, the Unfair Business Practices—Consumer Protection Act, and under common law tort of trespass to chattels, and RCW 9.68, the Obscenity and Pornography Act.

1.3.    Jurisdiction of the plaintiff and Attorney General to commence this action is conferred by RCW 19.86.080, 19.86.090, 19.86.160, RCW 19.190.030 and RCW 4.12.020 and 4.12.025.

1.4.    The violations alleged herein have been and are being committed in whole or in part in King County, in the State of Washington by defendants named herein, therefore, venue is proper in this court.



EXHIBIT B

## II. PLAINTIFF & DEFENDANTS

2.1. Plaintiff, Joel Hodgell, is a resident of the state of Washington and of the county of King, an adult over the age of eighteen years, is located at 12712 Lake City Way NE 3, Seattle, WA 98125, and is sui juris.

2.2. Defendant Richard Goldring is the Chief Executive Officer of Internet Advisory Corporation, Go Entertainment Inc., Scores USA Inc. and Go West Entertainment Inc. and the corporate office for these defendant companies are located at 150 East 58th Street, Suite 2504, New York, NY 10155. Go Entertainment Inc. is also located at 3380 Veteran's Memorial Hwy, Suite D, Bohemia, NY 11716. Defendant companies 3W Corp. and Datapeer Inc. are both located at 2115 Linwood Ave., 5th Floor, Fort Lee, NJ 07024.

2.3. Defendants, doing business as Internet Advisory Corporation (IACP), Go Entertainment Inc., Scores USA Inc. and Go West Entertainment Inc., conducts business in Washington through unsolicited commercial email ("spam") sent over the Internet to Washington residents, to promote their pornographic websites. Defendants 3W Corp. and Datapeer Inc. provide website hosting services for the pornographic websites promoted by the other defendants' spamming, done by Go Entertainment themselves or by "John Doe" spammers. 3W Corp. and Datapeer Inc. have known for at least four months about the spamming being done to promote the other defendants' websites located at Internet Protocol (IP) numbers 216.129.174.00 through 216.129.175.255, but have failed to enforce their own Acceptable Use Policy, and therefore, are clearly "assisting" the other defendants in their spamming activities.

## III. NATURE OF TRADE OR COMMERCE

3.1. Since at least 2 December 2001, defendants have sent, assisted, and conspired with others to send unsolicited commercial electronic mail via the Internet to the plaintiff and other residents of Washington State.

3.2. Said messages were not "an electronic mail message to which an interactive computer service provider has attached an advertisement in exchange for free use of an electronic mail account, when the sender has agreed to such an arrangement" (RCW 19.190.010(2)). Said messages were not sent by Scoresonah.com affiliates. The defendants have a long history of spamming as found at SPEWS, "Spam Prevention Early Warning System", at http://www.spews.org/html/S962.html and as found at the Usenet group news.admin.net-abuse.email.

3.3. Defendants know or have reason to know that they send spam to Washington State residents. All of the plaintiff's email addresses that were spammed by the defendants are registered at http://registry.waisp.org and the plaintiff's residency status information for his email addresses is available upon request from the registrant of the Internet domain names found in his email addresses.

3.4. Defendants are in competition with others in the State of Washington engaged in similar business

## IV. FIRST CAUSE OF ACTION – VIOLATIONS OF RCW 19.190

### COUNTS 1 – 208

4.1. Plaintiff realleges Paragraphs 3.1 through 3.4 and incorporates them herein as if set forth in full

4.2. Email messages sent via the Internet contain a header, which tells the recipient the source of the original message, as well as any points of transmission on the message's path to the eventual recipient. A typical header will show the path of computers that sent the email message to the ultimate recipient. The specific computers are identified by a series of computer and domain names, and Internet protocol numbers. Often there are several computers involved in transmitting the message to its final destination. By examining the names and numbers which identify each computer along the transmission path, it is possible to determine who originally sent the message, and which Internet service providers transmitted it to its ultimate recipient.

4.3. It is also possible for a sender to disguise or obscure the true routing of an email message by manipulating the transmission path information in the message's header. The defendants engage in this practice. They manipulated the information in their messages' headers to reflect that their spam originated at computers that are different from theirs. Since 2 December 2001, defendants have sent at least 208 unique and distinct spams to the plaintiff. About ninety percent of these spams used the Internet domain name "yahoo.com" in the "from" address. In fact, "yahoo.com" is a domain name assigned to Yahoo! Inc., not the defendants, and was used without the owner's permission. Yahoo.com forbids the use of their domain name for any spamming purposes. Defendants' messages did not originate from the "yahoo.com" domain; no yahoo.com IP numbers were in the defendants' spam headers. Accordingly, defendants misrepresented the transmission path of their email messages by obscuring their

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF
HODGELL V. GOLORING, ET AL.

Page 4 of 9

15 APRIL 2002

true point of origin, used the third party Internet domain name yahoo.com without the owner's permission, and clearly violated RCW 19.190.020(1)(a).

4.4. In about ten percent of the defendants spams, they used a third party's Internet domain name without permission of the third party in the "from" email address field. The third party Internet domain names forum.dk, abo.fi, tariteri.it, newsmail.ru, hotpop.com, ru.ru, emailandnewt.com, fm.21cn.com, tin.it, ok.ru, email21.com, poulin.fi, topmail.com.ar, 24horas.com, inecom.net, postinweb.com, lobra.fi, katamail.com, raluaven.de, minustru.pet, were used without the permission of the third party. Clearly, the defendants do not own these third party Internet domain names and used them without their owner's permission, and clearly violated RCW 19.190.020(1)(a).

4.5. The defendants used non-existent, invalid, non-working "from" addresses in their spams. Reply messages sent to their "from" address were "bounced" back to the plaintiff and designated "undeliverable" or "user unknown". The reply messages were undeliverable because the defendants used "from" or return email addresses that were invalid or non-existent at the time of transmission or by the time the plaintiff attempted to respond. The "from" or return address is rendered invalid either because (1) the return electronic mail address was invalid or non-existent at the time of transmission and/or thereafter, or (2) the Internet service provider who provided defendants' email account immediately canceled it upon discovering it was being used to send unsolicited bulk email without the service provider's approval or (3) the vast number of irate replies in response to defendants' messages overloaded the capacity of the return email address to receive more messages and resulted in the account's eventual shutdown. Washington State law requires that a sender of unsolicited commercial electronic mail truthfully identify the originating electronic mail address of the transmission, RCW 19.190.020(1)(a). By posting a seemingly valid return email address that, in fact, is impossible to respond to, defendants misrepresented the status and/or existence of their email account.

4.6. In at least ninety percent of the defendants' spams sent to the plaintiff, the "to" email address field was completely deleted, and thus totally obscured. Defendants obscured information in identifying the transmission path of their commercial electronic mail message, and clearly violated RCW 19.190.020(1)(a)

4.7.    The defendants also used third party Internet domain name Hotmail.com without their permission

in the "to" field, which is part of the transmission path.  Hotmail.com is supported by paid advertisements, and not

by the unpaid, unrequested, unpermitted, and misleading commercial email messages from the defendants.  Clearly,

this is an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or

commerce, has been declared unlawful by the Washington State legislature, as used by the defendants.

4.8.    The defendants' spams were not sent by any Go-Ent.com or Scorescash.com affiliates.  All of the

defendants' spams promoted simple hyperlink websites, such as http://216.129.174.24, http://216.129.175.8, or

http://216.129.175.84, all owned/operated by defendant Go Entertainment.  Go-Ent.com or Scorescash.com affiliates

use hyperlinks, such as http://www.OUR_SITE.com/ap/pin?PIN_CODE as found at the defendants' own

Scorescash.com website.  Clearly, the defendants' own the websites promoted in their spams, Go-Ent.com and

Scorescash.com affiliates were not promoting these websites, and the defendants have violated RCW 19.190.

4.9.    It is a violation of RCW 19.190.020(1)(a) and 19.190.030(1)(a) to initiate the transmission,

conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail

message from a computer located in Washington or to an electronic mail address that the sender knows, or has

reason to know, is held by a Washington resident that uses a third party's internet domain name without permission

of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the

transmission path of a commercial electronic mail message.  Pursuant to RCW 19.190.020(1)(a), each Count, One

through Two Hundred Eight, in this First Cause of Action is a separate and distinct violation of RCW 19.190, and

pursuant to RCW 19.190.030(1)(a), (2), and (3) constitutes a separate and distinct violation of the Consumer

Protection Act, RCW 19.86.  As a proximate result of defendants' conduct, each and every Count, One through Two

Hundred Eight, in this First Cause of Action has damaged plaintiff in his property.


## V. SECOND CAUSE OF ACTION -- VIOLATIONS OF RCW 19.86

5.1.    Plaintiff realleges Paragraphs 3.1 through 4.9 and Counts One through Two Hundred Eight of the

First Cause of Action and incorporates them herein as if set forth in full.

5.2.    Each of Counts One through Two Hundred Eight of the First Cause of Action also constitutes a separate and distinct act of an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce, has been declared unlawful, and violates RCW 19.86 (RCW 19.86.020, et seq.), the Washington Consumer Protection Act. As a proximate result of defendants' conduct, each and every Count in this Second Cause of Action has damaged plaintiff in his property.

## VI. THIRD CAUSE OF ACTION – TRESPASSES TO CHATTELS

6.1.    Plaintiff realleges Paragraphs 3.1 through 5.2 and Counts One through Two Hundred Eight of the First Cause of Action and incorporates them herein as if set forth in full.

6.2.    Each of Counts One through Two Hundred Eight of the First Cause of Action also constitutes a separate and distinct trespass to chattels onto the personal property of plaintiff.

6.3.    As a proximate result of defendants' conduct in each and every Count in the First and Second Cause of Action, plaintiff has experienced loss of use, loss of value, and additional work and expenses relating to his computer equipment and Internet service.

## VII. FOURTH CAUSE OF ACTION – VIOLATIONS OF RCW 9.68

7.1.    Plaintiff realleges Paragraphs 3.1 through 6.3 and Counts One through Two Hundred Eight of the First Cause of Action and incorporates them herein as if set forth in full.

7.2.    Each of Counts One through Two Hundred Eight of the First Cause of Action are also separate and distinct violations of RCW 9.68, the Obscenity and Pornography Act. The defendants sent their unsolicited pornographic spams to recipients regardless of their age. Clearly, the defendants have acted irresponsibly in promoting their pornographic services. As a proximate result of defendants' conduct, each and every Count in this Second Cause of Action has damaged plaintiff in his property.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff, JOEL HODGELL, prays for relief as follows:

8.1. That the Court adjudge and decree that defendants have engaged in the conduct complained of herein.

8.2. That the Court adjudge and decree that the conduct complained of in Sections III – VII constitutes violations of the Commercial Electronic Mail Act, RCW 19.190, and pursuant to RCW 19.190.030(2) and (3) constitutes separate and distinct violations of the Consumer Protection Act, RCW 19.86.

8.3. That the Court adjudge and decree that the conduct complained of in Sections III - VII constitute an unfair method of competition and unfair or deceptive act or practice in the conduct of any trade or commerce in violation of the Consumer Protection Act, RCW 19.86.

8.4. That the Court adjudge and decree that the conduct complained of in Sections III – VII constitutes violations of the Obscenity and Pornography Act, RCW 9.68.

8.5. That the Court issue a permanent injunction enjoining and restraining defendants and their representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with defendants from continuing or engaging in the unlawful conduct complained of herein.

8.6. That for the First Cause of Action the Court assess statutory damages of USD$500.00 for each Count One through Two Hundred Eight, for each and every, separate and distinct violation of RCW 19.190 (RCW 19.190.040(1)), equal to USD$104,000.00, to be paid by the defendants to the plaintiff, and

8.7. That for the Second Cause of Action the Court assess treble damages and costs pursuant to RCW 19.86.090 of USD$1,000.00 for each Count One through Two Hundred Eight, for each and every, separate and distinct violation of RCW 19.86.020, equal to USD$208,000.00, to be paid by the defendants to the plaintiff, and

8.8. That for the Second and Fourth Cause of Action the Court assess civil penalties pursuant to RCW 19.86.140, of two thousand dollars (USD$2,000) for each Count One through Two Hundred Eight, for each and every, separate and distinct violation of RCW 19.86.020 and RCW 9.68 caused by the conduct complained of herein, equal to USD$416,000.00, to be paid by the defendants to the plaintiff and/or State of Washington, and

8.9.   That for the Third Cause of Action for each Count One through Two Hundred Eight, the Court assess an award of damages in an amount to be set at trial, and

8.10.   Filing and service fees, estimated to be USD$800.00, and

8.11.   Additional costs and fees associated with the enforcement of judgment rendered herein, and

8.12.   Post judgment compounded interest of twelve percent per annum (12%), one percent per month (1%), and

8.13.   That the Court decree such orders pursuant to RCW 19.86.090 to provide that plaintiff, State of Washington, have and recover from defendants the costs of this action, including reasonable attorney's fees.

8.14.   That the Court order such other relief as it may deem just and proper to fully and effectively dissipate the effects of the conduct complained of herein, or which may otherwise seem proper to the Court.

DATED this 15th day of April 2002.

Joel Hodgell
Plaintiff